IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                                         Case No. 1:22-cr-00361-MLG

RAYSHAWN BOYCE,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR A HEARING PURSUANT TO *FRANKS V. DELAWARE***

Defendants Rayshawn Boyce and Marquae Kirkendoll were charged with offenses stemming from the armed robbery of a postal employee. *See* Doc. 31.[1] Boyce had previously moved to suppress evidence seized from an apartment located at 336 Grove Street SE, Albuquerque, New Mexico, and a storage unit by challenging the propriety of the search warrant affidavit. *See* Doc. 69. After holding a hearing, the Court denied that motion.[2] Doc. 83. Boyce renewed his objections in a motion to reconsider, Doc. 84, which this Court also denied, Doc. 91. Boyce is once again challenging the search warrant affidavit. This time, he alleges that statements made by the affiant "were designed to mislead the magistrate judge who issued the warrant" and thus were intentionally made with a reckless disregard for the truth. Doc. 114 at 2. Specifically,

---

[1] The Court set out the relevant factual background in previous memorandum opinions and orders ("MOOs") in this case, specifically, in the MOO denying Boyce's Motion to Suppress, Doc. 83, and the order denying Boyce's Motion to Reconsider, Doc. 91.

[2] Specifically, the Court concluded that the search warrant affidavit failed to demonstrate a substantial nexus to establish probable cause. Doc. 83 at 9-10. However, it also ruled that the good-faith exception applied to bar suppression by finding *inter alia* that the magistrate judge did not issue the warrant in reliance on a deliberately or recklessly false affidavit and that the warrant was not based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. *Id.* at 13-14.

1

Boyce claims there are "numerous material misstatements and omissions" throughout the affidavit. *Id.* at 5.

The primary misstatement to which he refers is Inspector Kelly McNulty's statement of probable cause: "Based on the information provided in this affidavit, your affiant believes probable cause exists." *Id.* at 4 (emphasis omitted). Boyce asserts that, because the affidavit was "completely devoid of facts that established a nexus between the items sought and the place to be searched," this statement was a "misrepresentation." *Id.* at 4, 5.

The Court is unpersuaded. The challenged statement is different than those the United States Supreme Court in *Franks v. Delaware*, 438 U.S. 154 (1978), was tasked with reviewing. In that case, an officer had included *factual* statements in the affidavit about the defendant's "normal dress," which were "somewhat different" than what had been told to that officer by eyewitnesses. *Franks*, 438 U.S. at 157-58. Here, by contrast, the statement is not factual, but conclusory: it cannot be subjected to a true-false test. Because Inspector McNulty's statement regarding the existence of probable cause is ultimately a conclusion, it falls outside the protections *Franks* affords.

Even if McNulty's take were a factual statement, Boyce has not met his burden to show that it was a reckless *mis*statement and that it was material (i.e., but for it, the warrant could not have lawfully issued). *See Franks*, 438 U.S. at 155-56; *see also United States v. Herrera*, 782 F.3d 571, 573 (10th Cir. 2015). First, Boyce failed to produce evidence of the complained-of defects. Though Boyce included an affidavit in support of his motion, Doc. 122-1, the averments contained in that submission are self-serving and largely irrelevant because they fail to demonstrate how Inspector McNulty's probable cause statement was recklessly false. He provides no other evidence or otherwise reliable statements to substantiate his request. *See United States v. Moses*, 965 F.3d 1106, 1110 (10th Cir. 2020). Second, he failed to demonstrate that the statement was material

because the issuance of the search warrant was not conditioned on McNulty's conclusion regarding the existence of probable cause. Nor is there any indication that Inspector McNulty entertained any doubts as to the truth of her allegations. *See United States v. Xiang*, 12 F.4th 1176, 1182-83 (10th Cir. 2021) ("[E]vidence must exist that the officer in fact entertained serious doubts as to the truth of [the] allegations." (internal quotation marks omitted)). Without such evidence, there cannot be a finding of recklessness in her statement. *See id.* Therefore, Boyce has not made the requisite preliminary showing and is not entitled to a *Franks* hearing.

As for the omissions, Boyce claims that the affiant was "attempting to hide something from the issuing judge (or the defense)." Doc. 114 at 6. The Court is similarly unpersuaded by this line of argument. The Court presumes that the omissions to which Boyce refers include the following facts: Boyce was never seen at the San Pablo address; Boyce was seen entering and leaving the apartment at 336 Grove Street SE; a person identified by the initials S.D. was Boyce's girlfriend; and S.D. leased and resided at the apartment. Doc. 83 at 3. But again, the issuance of the search warrant did not hinge on the omission of these facts, and their inclusion would not have vitiated probable cause. To the contrary, inclusion of these points in the warrant affidavit (all of which were apparently known to the investigators)[3] would have bolstered that finding, as this Court implied in the MOO denying Boyce's Motion to Suppress. *See id.*

In short, Boyce has not met his burden to demonstrate that a *Franks* hearing is warranted. The Fourth Amendment requires a district court to hold a hearing at a defendant's request only "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause[.]"

---

[3] *See* Doc. 72 at 3, 5, 10.

*Franks*, 438 U.S. at 155-56. "Such a substantial preliminary showing requires more than mere allegations of defects in a warrant." *Moses*, 965 F.3d at 1110. "A defendant must produce evidence of the complained-of defects by offering affidavits or sworn or otherwise reliable statements of witnesses." *Id.* (internal quotation marks omitted). Boyce's bald accusations that Inspector McNulty somehow misled the Magistrate Judge are unavailing. The Court therefore denies his request.

## CONCLUSION

For the foregoing reasons, the Court denies Boyce's motion. Doc. 114. It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA